**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sonya Hope Baca,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-25-01724-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Sonya Hope Baca's Application for Supplemental Security Income by the Social Security Administration (SSA) under the Social Security Act. Plaintiff has filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant Social Security Administration Commissioner's Responsive Brief (Doc. 13, Resp.), and Plaintiff's Reply (Doc. 14, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 8, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 1150–71) as upheld by the Appeals Council (R. at 1139–41).

## I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income on February 8, 2019, alleging a disability beginning the same day. (R. at 89.) Plaintiff's claims were denied initially on May 1, 2019, and again upon reconsideration on July 12, 2019. (R. at 89.) Plaintiff then testified at a hearing before an ALJ on May 17, 2021. (R. at 33–63.) On June 16, 2021, the ALJ denied Plaintiff's Application. (R. at 14–26.) The Appeals Council

later denied a request for review of the ALJ's decision, rendering the ALJ's opinion the final agency decision. (R. at 1–3.) Plaintiff appealed the ALJ's decision to the United States District Court for the District of Arizona, and on June 5, 2023, the Commissioner stipulated to voluntary remand of the appeal pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* review of Plaintiff's Application and entry of a new decision. (Case No. CV-22-01475-PHX-DMF, Doc. 24.)

On January 3, 2024, another ALJ conducted another hearing at which Plaintiff testified again (R. at 1180–1204), and the new ALJ entered a new opinion denying Plaintiff's Application on February 16, 2024 (R. at 1150–71). On April 4, 2025, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's February 16, 2024 opinion the final agency decision. (R. at 1139–41.)

In her decision, the ALJ found that Plaintiff has severe impairments of lumbar, thoracic, and cervical degenerative disc disease; mild chronic wedge compression deformity of the T12 vertebra; obesity; generalized anxiety disorder; major depressive disorder; and post-traumatic stress disorder (PTSD). (R. at 1153–55.) After review of the evidence, the ALJ determined Plaintiff's Residual Functional Capacity (RFC) qualified her for work in the national economy at the unskilled, light exertional level, such that she is not disabled under the Act. (R. at 1169–70.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of

supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520(a), the twin regulation applying to Disability Insurance Benefits). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises the following arguments for the Court's consideration: (1) the ALJ did not sufficiently explain the reasons for discounting the opinion of examining physician Brian Briggs, M.D., or support those reasons with substantial evidence in the record; and

(2) the ALJ rejected Plaintiff's testimony without clear and convincing reasons supported by substantial evidence. (Pl. Br. at 1.) The Court now examines these in turn.

### A. Medical Opinions

Plaintiff challenges the ALJ's assessment of the opinion of Dr. Briggs, who performed a one-time examination of Plaintiff at her request in support of her disability claim. (Pl. Br. at 13–18.)

The Ninth Circuit no longer accords special deference to a treating or examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c). Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting a treating or examining doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Dr. Briggs, whose specialty is Occupational Medicine, examined Plaintiff on May 8, 2019. (R. at 416–33.) As a result of the examination and on account of her reports of pain,

Dr. Briggs opined in a Medical Assessment of Ability to Do Work-Related Physical Activities that Plaintiff could sit for between two and three hours and walk less than two hours in an eight-hour workday. (R. at 427.) He also found she was nearly incapable of using her right or left hand or right or left foot and nearly incapable of bending, reaching, or stooping. (R. at 427.) And he concluded Plaintiff is likely to miss more than six days of work a month. (R. at 428.) As a result, he concluded that "claimant is incapable of any work in any capacity." (R. at 426.)

The ALJ found Dr. Briggs's opinion unpersuasive because it "is not well-supported, nor is it consistent with the greater record." (R. at 1168.) The ALJ pointed out that, although Dr. Briggs took into account Plaintiff's subjective reports of symptoms, he did not consider "corresponding physical examinations showing minimal abnormalities." (R. at 1168 (comparing as examples R. at 416–33 to R. at 379, 400).) The ALJ also concluded Dr. Briggs's assignment of extreme limitations to Plaintiff "do not correspond with the minimal findings on the cited MRI." (R. at 1168 (citing R. at 431).) And the ALJ stated Dr. Briggs's findings were "outliers not documented anywhere else in the record" and "contrary to an examination by the claimant's treating provider the same month." (R. at 1168 (citing R. at 509).) Finally, the ALJ pointed out that "the issue of whether the claimant is capable of 'any work in any capacity,'" upon which Dr. Briggs opined, "is an issue of disability and as such is reserved to the Commissioner of the Social Security Administration." (R. at 1168.)

As for the ALJ's admonition that the disability determination is reserved for the Commissioner, the ALJ is correct. Although Plaintiff takes issue with the ALJ's statement because "this type of statement alone is not a legitimate basis for discounting treating physician[1] opinion evidence" (Pl. Br. at 14 n.7), the ALJ does not rely on that statement alone to discount Dr. Briggs's assessment. The implication in the ALJ's opinion is that Dr. Briggs was overreaching, and this statement contributes to that implication.

. . .

[1] According to the record, Dr. Briggs was a one-time examining physician, not a treating physician.

Plaintiff more generally complains that the ALJ did not explain or sufficiently support her weighing of Dr. Briggs's opinion, but the Court disagrees. The ALJ pointed to specific evidence in the record, including notes of an examining physician taken around the same time as Dr. Briggs's opinion (R. at 508–10), that state that Plaintiff is not nearly as limited as Dr. Briggs states, for example with respect to an assessment of Plaintiff's strength that led in part to Dr. Briggs's conclusions that Plaintiff can use her hands and feet less than 20 percent of the time. (R. at 418–28.) By contrast, the day before Dr. Briggs's examination, Plaintiff's treating pain management clinic noted in a musculoskeletal assessment that she had "full range of motion, strength normal, bilateral upper and lower extremity." (R. at 509.) The ALJ adequately covered supportability factors—both medical records at issue were made during a physical examination of Plaintiff—and the ALJ pointed to portions of the record to show general consistency of Plaintiff's physical assessments over the course of Plaintiff's treatment, but the inconsistency of Dr. Briggs's opinion with the balance of the medical record. (R. at 1168 (citing R. at 379, 400, 509).) To the extent that Plaintiff argues the ALJ engaged in cherry-picking (Pl. Br. at 16), that of course works both ways, and Plaintiff would have the ALJ only look at the portions of the medical record indicating some greater, if temporary, limitations. In contrast to Dr. Briggs, the ALJ found the assessments of the state agency reviewing doctors, R. Barricks, M.D., and G. Spellman, M.D., to be persuasive, explaining that they were consistent with the greater medical record. (R. at 1167.)

The ALJ's role is to holistically consider the medical evidence and resolve any contradictions, determining the weight to give to each medical opinion. 20 C.F.R. §§ 404.1527(c)(2)–404.1527(c)(6) (the twin regulations applying to Disability Insurance Benefits). In an instance such as this, where some of the treatment notes indicate more impairment or pain than others and one examining physician opined Plaintiff was more limited than other physicians, the ALJ must simply give sufficient reasons supported by substantial evidence for resolving the discrepancies and reaching her conclusions. Because the ALJ met that standard here, the Court will not disturb the ALJ's conclusions. *See*

*Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (internal citation omitted)). That is, it is not the Court's role to "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115–16 (9th Cir. 2021). The Court also finds the RFC formulated by the ALJ adequately accounted for her conclusions.

In sum, the Court finds no material error in the ALJ's evaluation of the medical evidence.

**B. Symptom Testimony**

Plaintiff next argues the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective testimony. (Pl. Br. at 19–24; R. at 1180–1204.)

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Here, the ALJ concluded that while Plaintiff's medically determinable impairments could be expected to cause the alleged symptoms, Plaintiff's statements about the "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 1160.) For example, as

a result of the multimodal therapy Plaintiff has received for pain and movement, the ALJ cited to the record to note Plaintiff's own reports of improvement in her strength and pain relief, which are directly related to her functional capacity for work. (R. at 1160–62.) And the ALJ noted from the medical records that certain therapies, including physical therapy, were recommended but Plaintiff chose not to engage in them, indicating that the pain she was experiencing was improved and under control as she often reported to her pain management medical care providers. (R. at 1162.) Treatment notes also show Plaintiff engages in certain activities consistent with the functional capacity required to work, including care for her grandchildren. (R. at 1162–63.) In terms of the objective medical evidence, the ALJ pointed to the medical record to note the objective evidence was not entirely consistent with Plaintiff's subjective symptom testimony, contrasting in detail the results of Plaintiff's MRIs with the severity of the musculoskeletal impairments she reported in her testimony. (R. at 1160–62.)

The ALJ provided adequate specific and clear reasons for discounting Plaintiff's testimony, and—like the ALJ's evaluation of the medical evidence—the reasons were sufficient for the Court not to disturb them. *See Batson*, 359 F.3d at 1196. In the absence of finding material error on the part of the ALJ, the Court will affirm the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the February 16, 2024 decision of the ALJ (R. at 1150–71), as affirmed by the Appeals Council (R. at 1139–41).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 28th day of September, 2026.

Honorable John J. Tuchi
United States District Judge